Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission MODIFIES in part and AFFIRMS in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
STIPULATIONS
1. On 26 April 1996, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff has not returned to work for defendant-employer, nor has the plaintiff returned to work in any other capacity since 27 April 1996.
4. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two, are admitted into evidence.
5. An Industrial Commission Form 22, Wage Chart, for a similar employee, marked as Stipulated Exhibit Number Three, is admitted into evidence.
6. A paycheck stub, marked as Stipulated Exhibit Number Four, is admitted into evidence.
EVIDENTIARY RULINGS
The objection appearing in the deposition of Dr. Boone is OVERRULED. A set of plaintiff's medical records, received from plaintiff's counsel on 10 March 1997, is admitted into evidence.
***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
FINDINGS OF FACT
1. On 26 April 1996, plaintiff had been employed by defendant-employer as a housekeeper for five days. Plaintiff was a single, thirty-five year old female. Immediately prior to beginning work with the defendant-employer, plaintiff was self-employed as a housekeeper. Plaintiff had been self-employed for approximately three years.
2. As a housekeeper for defendant-employer, plaintiff was responsible for cleaning motel rooms which included cleaning bathtubs, sinks and commodes, making beds, dusting and vacuuming floors.
3. Plaintiff had undergone surgery for back injuries on two prior occasions. As a result of a fall in 1991, Dr. Boone performed partial laminectomies at L4, L5 and S1 with bilateral foraminotomies at L4-L5 and L5-S1. As a result of an incident in June 1992, plaintiff sustained a small recurrent herniated disc on the left at L4-L5. Dr. Boone performed a second surgery at that level on 24 September 1992.
4. On 26 April 1996, defendant-employer assigned plaintiff to clean a number of motel rooms. Plaintiff undertook to clean these rooms in her usual manner. While cleaning one of the rooms, plaintiff leaned over to clean a bathtub. Plaintiff placed her left hand onto the bathtub wall to help support her weight. While so positioned, plaintiff slipped on water that was standing on the bathroom floor. Plaintiff landed with her weight on her right hand and with her back striking the edge of the bathtub. Immediately after this incident, plaintiff began experiencing back pain. She sat on a motel room bed momentarily before deciding to continue working. Plaintiff completed cleaning all of her assigned rooms on 26 April 1996. Plaintiff did not report this incident to defendant-employer on that date because she did not believe that she was seriously injured.
5. On Saturday, 27 April 1996, plaintiff reported to work as scheduled. After arriving at work, plaintiff saw and spoke to Dixie Patel, one of the owners of the Super 8 Motel — the defendant-employer. Ms. Patel asked plaintiff how she was doing. Plaintiff responded that she was "fine." Thereafter, plaintiff proceeded to clean her assigned rooms. At approximately 2:00 p.m., plaintiff was unable to continue cleaning rooms due to increasing back pain. Plaintiff reported to her co-workers and the motel's front desk clerk that she was unable to finish cleaning her assigned rooms due to back pain. Plaintiff attempted to report her condition to Ms. Patel but was unable to locate her.
6. The front desk clerk telephoned Ms. O'Quinn, who was employed by another lodging business owned by the Patels. The front desk clerk informed Ms. O'Quinn that plaintiff was unable to finish cleaning her assigned rooms due to back pain. Plaintiff also informed Ms. O'Quinn that she was unable to complete her assigned tasks due to back pain. In response, Ms. O'Quinn directed three employees from the other business to go to the Super 8 Motel to finish cleaning the rooms that plaintiff was unable to clean.
7. After leaving work, plaintiff presented to the Lenoir Memorial Hospital emergency room. At that time, plaintiff was experiencing low back pain which radiated into her right leg. The emergency room physician prescribed medications, bed rest and periodic applications of ice compresses. Plaintiff was referred to Dr. Boone for follow-up treatment. After leaving the emergency room, plaintiff telephoned defendant-employer's desk clerk to inform the defendant-employer that she would not be reporting to work for the next five days.
8. Within thirty days of 26 April 1996, plaintiff informed defendant-employer that she sustained a back injury while working as a housekeeper on that date.
9. Plaintiff presented to Dr. Boone on 14 May 1996. On that date, plaintiff had back and bilateral leg pain which had continued since the incident on 26 April 1996. Plaintiff also had paravertebral muscle spasms in her back and pain over her sciatic nerve and right sciatic notch. Plaintiff's physical examination suggested nerve root stretch symptoms. Dr. Boone prescribed medication and ordered a MRI which was performed on 17 May 1996.
10. On 23 May 1996, Dr. Boone reviewed the results of the MRI. He then recommended additional diagnostic studies including a lumbar myelogram, post-myelogram CT and EMG/NCS of both legs. Plaintiff did not undergo the additional diagnostic studies because she was financially unable to afford their costs.
11. During the five days that plaintiff worked for defendant-employer, she earned $130.54. Due to the shortness of time during which plaintiff was employed by defendant-employer, it is impractical to compute her average weekly wage by dividing her earnings by the number of weeks during which she was so employed.
12. An employee of the same grade and character, in the same class of employment and in the same locality as plaintiff earned an average weekly wage of $103.18 per week during the fifty-two week period prior to 26 April 1996.
13. As a result of the incident on 26 April 1996, plaintiff was incapable of earning wages from defendant-employer, or any other employer, from 28 April 1996 through the date of the hearing in this case before the deputy commissioner.
***********
The foregoing findings of fact and conclusions of law engender the following additional:
CONCLUSIONS OF LAW
1. Plaintiff's average weekly wages was $103.18. N.C. Gen. Stat. § 97-2(5).
2. On 26 April 1996, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff is entitled to payment of temporary total disability compensation at the rate of $68.79 per week from 28 April 1996 and continuing until further order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-29.
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on 26 April 1996. N.C. Gen. Stat. § 97-25.1
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $68.79 per week from 28 April 1996 and continuing until further order of the Industrial Commission allowing defendants to cease payment of temporary total disability compensation. This amount, to the extent that it has accrued, shall be paid in a lump sum, subject to the attorney's fee approved in paragraph 3.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of her injury on 26 April 1996.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent (25%) of the lump sum due plaintiff in paragraph 1 shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
4. Defendants shall pay the costs.
ORDER
In the Full Commission's discretion,
The Full Commission finds that the defendant-employer did not appeal the deputy commissioner's Opinion and Award to the Full Commission based on the compensability findings; therefore,
It is HEREBY ORDERED that the defendant-employer shall immediately begin payment for the medical expenses reasonably incurred or to be incurred by the plaintiff as a result of the compensable injury suffered on April 26, 1996.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ DOUGLAS E. BERGER DEPUTY COMMISSIONER